UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-CV-80751

RALSTON S. BROWN, JR.,

    Plaintiff,

v.

COLLECTO, INC., d/b/a EOS CAA

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW

COMES NOW, Defendant, COLLECTO, INC., d/b/a EOS CAA, and files this Motion to Dismiss pursuant to FRCP 12(b)(1), and states:

**A. Factual Background.**

This matter arises out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stats., § 559.55, *et seq.* (the "FCCPA") in attempting to collect an unpaid bill from Plaintiff. (DE 1 at ¶ 1)

On October 15, 2010, Plaintiff served his Rule 26 Disclosures. *See,* Exhibit 1. In those disclosures, Plaintiff asserts that he is seeking damages of "up to $1,000" for his FDCPA claims. Plaintiff also claims to be seeking "costs, litigation expenses, and attorneys fees." *Ibid.*

On October 28, 2010, the Defendant made a settlement offer to resolve the FDCPA claims for $1001.00, plus reasonable attorney fees and costs. *See*, Exhibit 2.

On October 29, 2010, Plaintiff served his Answers to Interrogatories in which he stated under oath that he is "not seeking actual damages, only statutory damages." *See,* Exhibit 3.

Defendant's offer exceeds the Plaintiff's damage claim in his Rule 26 Disclosures and thereby, renders moot Plaintiff's FDCPA claims. Moreover, jurisdiction over Plaintiff's FCCPA claim rests in state court. As such, the case must be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. Determination of Jurisdiction/Rule 12(b)(1).

Federal courts must determine that they have jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Courts have an independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)).

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings … are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In this matter, Defendant moves for dismissal of the Plaintiff's Complaint, under Rule 12(b)(1), because there is no case or controversy which presently exists between the parties and because this Court lacks independent jurisdiction over Plaintiff's FCCPA claims.

Plaintiff has been offered the maximum damages recoverable if violations are proven under the FDCPA. Therefore, he no longer has an ongoing controversy with the Defendant under those statutes. There is nothing more available to Plaintiff for litigating those claims; therefore, Plaintiff no longer has a personal stake in the outcome of that portion of the lawsuit. Accordingly, this Court must dismiss Plaintiff's FDCPA claims for lack of subject matter jurisdiction.

Moreover, the Court has no jurisdiction to entertain Plaintiff's FCCPA claims since jurisdiction over those claims is exclusive to state court once the FDCPA claims are dismissed. No basis exists for supplemental or diversity jurisdiction.

**C. Legal Arguments.**

    1. **<u>No case or controversy exists between the parties.</u>**

Article III of the United States Constitution limits the judicial authority of the federal court system to "Cases" and "Controversies." "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America*, 508 U.S. 439, 446 (1993); *citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If a federal court lacks subject matter jurisdiction over a cause of action, the court "shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The case or controversy requirement continues to exist throughout the entire litigation. To sustain jurisdiction, "the parties must continue to have a

personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

An offer that satisfies plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction. *See, Taylor v. CompUSA, Inc.*, 2004 U.S. Dist. LEXIS 14492, *5 (N.D. Ga. 2004); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3rd Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco, Inc.*, 719 F.2d 23, 32-34 (2nd Cir. 1983); *MacKenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003). Plaintiff's claims, upon filing of the Complaint, initially satisfied the constitutional case or controversy requirement. However, "[i]t is not enough that a dispute was very much alive when suit was filed…[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *See, Lewis,* at 477-478. Since Plaintiff has been offered the more than the maximum recoverable damages under the FDCPA, he no longer has an ongoing controversy with the Defendant. There is nothing further for Plaintiff to gain by litigating those claims. As a result, jurisdiction over the Plaintiff's FDCPA claims cannot be sustained.

### 2. Defendant offered full damages Plaintiff would be entitled to recover under the FDCPA should the violations be proven.

Under the FDCPA, Plaintiff can recover no more than $1,000 in statutory damages per action, regardless of the number of violations proven. *See, Harper v. Better Business Servs., Inc.,* 961 F.2d 1561, 1562 (11th Cir. 1992); *Wright v. Finance Serv.*, 22 F.3d 647, 650 (6th Cir. 1994).

Defendant offered $1,001.00, plus reasonable attorneys' fees and costs, which is $1 *more* than Plaintiff's claimed damages in his Rule 26 Disclosures.  *See,* Exhibit 1.  Moreover, even if Plaintiff proves violations of the FDCPA, his damages would be limited to the $1,000 under the FDCPA, plus reasonable attorney's fees and costs of the action as Plaintiff has indicated that he is not seeking actual damages.  *See,* Exhibit 3.  Defendant has offered Plaintiff more than full relief.  *See,* Exhibit 2.

The fact that the offer was informal in nature does not affect this Court's resolution of the jurisdictional issue.  *See*, *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 343-44 (U.S. 1980)(Mootness may result from a number of causes, including expiration of the plaintiff's claim, satisfaction of the claim by the defendant, cessation of the unlawful conduct without likelihood of repetition, or by interim remedy of the court itself with renders the dispute unlikely to recur in the future); *see also County of Los Angeles v. Davis*, 440 U.S. 625, 634 (1979).

This Court has uniformly held in other recent cases that an offer similar to the offer made by the Defendant satisfies a plaintiff's FDCPA claims. *See, e.g. Lewis v Central Credit Svcs., Inc.*, Case No. 09-CV-22406; *Outten v. United Collection Bureau, Inc.,* Case No. 09-21817; *Mims v Arrow Fin. Svcs.*, Case No. 09-22347; *Harmon v. Accounts Receivable Management, Inc.,* Case No. 08-81438; *Ortega v. United Collection Bureau,* 09-22657.

### 3. **Plaintiff's acceptance or non-acceptance of the offer is irrelevant.**

"Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake*." Holstein v. City of Chicago*, 29 F.3d 1145, 1146 (7th Cir. 1994) and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake. *Zimmerman v.*

*Bell,* 800 F.2d 386, 390 (4th Cir.1986); *Abrams v. Interco Inc.,* 719 F.2d 23, 32-34 (2d Cir.1983); *Spencer-Lugo v. INS,* 548 F.2d 870 (9th Cir.1977).  "Under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim." *Weiss*, at 342.

### 4. **Plaintiff's FCCPA claims should be tried in state court.**

The only remaining claims alleged by the Plaintiff fall under the FCCPA. 28 USCS Section 1367(c) states:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
>> (1) the claim raises a novel or complex issue of State law,
>> (2) the claim substantially predominates over the claim or claims over which the district court has original Jurisdiction,
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

There is no reason for this Court to exercise supplemental jurisdiction over Plaintiff's FCCPA claims under § 1367.  As indicated above, this Court has uniformly held in other recent cases that an offer similar to the offer made by the Defendant divests the Court of jurisdiction over a plaintiff's FDCPA claims and warrants dismissal of a plaintiff's FCCPA claims for lack of jurisdiction. *See, e.g. Lewis v Central Credit Svcs., Inc.*, Case No. 09-CV-22406; *Outten v. United Collection Bureau, Inc.,* Case No. 09-21817; *Mims v Arrow Fin. Svcs.*, Case No. 09-22347; *Harmon v. Accounts Receivable Management, Inc.,* Case No. 08-81438; *Ortega v. United Collection Bureau,* 09-22657.

### C. Conclusion.

Defendant has offered Plaintiff all that he is entitled to recover under the FDCPA. Moreover, exclusive jurisdiction over his FCCPA claims lies in state court.  As such, this Court no longer has jurisdiction over this matter and it must be dismissed.

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing this case for lack of jurisdiction.

Respectfully submitted,

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
Fla. Bar No. 0094080

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 4th day of November, 2010.

/s/ Dale T. Golden
Dale T. Golden
Fla. Bar No. 0094080
**GOLDEN & SCAZ, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609
813-251-5500
813-251-3675 (f)
dale.golden@goldenscaz.com
**Attorneys for Defendant**